UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:05CV23-EHJ

DIANNA KING                                                                                                    PLAINTIFF

v.

JO ANNE BARNHART,
Commissioner of Social Security                                                                      DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Plaintiff's Motion for Attorney's Fees and Expenses pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412(d) ("EAJA"). Defendant concedes that plaintiff was the prevailing party, and further declines to argue that the Commissioner's position was substantially justified. However, defendant objects to the amount of fees requested.

Plaintiff's counsel has requested reimbursement for 31.35 hours at an hourly rate of $150.00. Pursuant to the EAJA, the maximum hourly rate recoverable is $125.00,[1] unless that amount is inadequate to reflect the prevailing rate in the community for lawyers of similar skill and experience. Counsel has tendered no proof regarding the prevailing rates of other social security practitioners in the community, instead relying upon his assertion that his normal hourly rate for clients is $150.00 per hour. Defendant asserts that counsel has failed to carry his burden pursuant to Blum v. Stenson, 465 U.S. 886 (1984) because he has not shown that $150.00 is the prevailing rate in the community for similar services by lawyers of reasonably comparable skills, experience and reputation. This Court has routinely adopted the $125.00 hourly rate, and declines to award a higher rate in this case as no proof has been tendered regarding a higher prevailing rate within the community.

---

[1] The $125.00 statutory fee has not been adjusted since 1996.

With regard to the novelty and difficulty of the questions raised in this case, the Court notes that the primary issues involved were application of the treating physician rule and weighing of credibility regarding pain, which were addressed in a brief of only ten pages. Defendant suggests that the brevity and lack of citation to recent case law in plaintiff's Fact and Law Summary are inconsistent with the 25.5 hours billed for this activity. This Court takes judicial notice of the fact that counsel has experience as both a social security administrative law judge and practitioner. He is in fact, exceptionally experienced and skilled in his practice of social security cases. However, the Court is not persuaded that application of such basic principles required counsel to expend 25.5 hours in preparing the ten page Fact and Law Summary. For this reason, 5.5 hours of billable time will be deducted from the total amount of fees awarded.

The Court finds that the claimant was the prevailing party, it appears that the claimant had a net worth not exceeding two million dollars at the time the action was filed, that the application for fees under the EAJA was timely made, that the position of the United States was not substantially justified, and that there are no special circumstances which make an award under the EAJA unjust.

IT IS THEREFORE ORDERED:

1) Plaintiff's counsel is awarded a reasonable attorney's fee of $3,231.25 (25.85 hours at the rate of $125.00), which shall be paid by defendant Commissioner.

2) Plaintiff's counsel is also awarded filing and service fees of $268.00.

3) To the extent this fee is duplicative of the fee awarded under 42 U.S.C. Section 406(b), counsel shall reimburse his client.

This is a final and appealable order.